142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William D. RUIZ, Petitioner-Appellant,
v.
George SMITH, Warden, Respondent-Appellee.
 No. 97-15664.
D.C. No. CV-95-05319-GEB.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, Garland E. Burrell, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William D. Ruiz, a California state prisoner, appeals pro se from the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1983 guilty plea conviction for second degree murder and assault with a deadly weapon. Ruiz contends that he received ineffective assistance because his counsel did not properly advise him of the sentencing consequences of his guilty plea and failed to investigate a possible diminished capacity defense. We have jurisdiction pursuant to 28 U.S.C. § 2253.
 
 
 3
 Ruiz contends that the district court abused its discretion in denying his petition as a delayed petition pursuant to Rule 9(a) governing section 2254 cases. His contention lacks merit.
 
 
 4
 We review for abuse of discretion the district court's denial of relief under Rule 9(a). See Harris v. Pulley, 885 F.2d 1354, 1367 (9th Cir.1988). Pursuant to Rule 9(a), a district court may dismiss a habeas petition upon a showing by the state that it has been prejudiced in its ability to respond to the petition by the petitioner's delay in bringing his claims. See Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254; Harris, 885 F.2d at 1366. If the state shows prejudice, then the burden shifts to the petitioner to show that the state actually is not prejudiced or that the delay is based on grounds of which the petitioner could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred. See Harris, 885 F.2d at 1366.
 
 
 5
 The state contends that it is prejudiced by Ruiz's nearly 12-year delay in bringing his federal habeas claims. The state explains that it is unable to respond properly to Ruiz's claims that he received ineffective assistance because Ruiz's counsel died in 1985, two years after Ruiz entered his guilty plea. See id. (witnesses's inability to recall information necessary to respond to petition suffices to show prejudice). Ruiz fails to show that the state is not prejudiced or that he could not have had knowledge of his claims by the exercise of reasonable diligence before 1985. Accordingly, the district court did not abuse its discretion in denying Ruiz relief pursuant to Rule 9(a). See id.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3